JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
SEATRADE GROUP NV,

          Plaintiff,

      -against-

PREMIERE EXPORTS INC.,

          Defendant.
------------------------------X

**10 Civ.**

VERIFIED COMPLAINT

PLEASE TAKE NOTICE that Plaintiff, SEATRADE GROUP NV ("SEATRADE"), by its attorneys, MAHONEY & KEANE LLP, as and for a Complaint against Defendant, PREMIERE EXPORTS INC. ("PREMIERE"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff, SEATRADE, is a Curacao corporation and the Manager of the Seatrade Pool of vessels.

    3.    Defendant, PREMIERE, is a business entity organized and existing pursuant to the laws of a foreign country with a place of business located at Global Bank Tower, 18th Floor, Office 1801, 50th Avenue, Panama City, Panama.

## AS AND FOR A FIRST CLAIM AGAINST DEFENDANT

4. Plaintiffs repeat and reiterate each allegation contained in paragraphs "1" through "3" as if specifically set forth herein at length.

5. On or about April 1, 2010, Plaintiff, SEATRADE, as disponent owner, and Defendant, PREMIERE, as charterer, entered into a charter party agreement covering the carriage of a cargo of bananas from Guayaquil, Ecuador to Llichevsk, Ukraine aboard the M/V BARENTS BAY.

6. Under the terms of the BARENTS BAY charter, Defendant was required to pay demurrage at the rate of US$11,000 per day.

7. During the course of the BARENTS BAY charter, the vessel was placed on demurrage for a period of eight days, eight hours, and 55 minutes, resulting in an amount of $92,086.81 due and owing by Defendant to Plaintiff.

8. Defendant breached the BARENTS BAY charter party by, unlawfully and in contravention of the terms of the agreement, failing to pay plaintiff for the aforesaid invoiced demurrage in the amount of $92,086.81, all of which was duly earned by Plaintiff.

9. As a result of Defendant's breach of the BARENTS BAY charter party, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is

liable under the terms of the parties' agreement and at law.

10. Under the terms of the agreement, all claims, disputes and other matters arising out of or relating to the charter shall be settled by arbitration under English law.

11. Plaintiff has instructed its solicitors to commence arbitration in London, seeking to recover under the referenced claim.

12. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

13. As a result of Defendant's breach of the agreements, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal claim: | $92,086.21 |
| Attorneys' fees and costs | $25,000.00 |
| Interest compounded on principal yearly for 3 yrs at 6.0% | $17,589.94 |
| Total | $134,676.15 |

14. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

15. All conditions precedent required of Plaintiff in the aforesaid charter party agreement have been performed.

## AS AND FOR A SECOND CLAIM AGAINST DEFENDANT

16. Plaintiff repeats and reiterates each allegation contained in paragraphs "1" through "15" as if specifically set forth herein at length.

17. On or about April 22, 2010, Plaintiff, SEATRADE, as disponent owner, and Defendant, PREMIERE, as charterer, entered into a charter party agreement covering the carriage of a cargo of bananas from Guayaquil, Ecuador to Llichevsk, Ukraine aboard the M/V ROYAL REEFER.

18. Under the terms of the ROYAL REEFER charter, Defendant was required to pay demurrage at the rate of US$9,000 per day.

19. During the course of the ROYAL REEFER charter, the vessel was placed on demurrage for a period of ten days, two hours, and five minutes, resulting in an amount of $90,781.25 due and owing by Defendant to Plaintiff.

20. Defendant breached the ROYAL REEFER charter party by, unlawfully and in contravention of the terms of the agreement, failing to pay plaintiff for the aforesaid invoiced demurrage in the amount of $90,781.25, all of which was duly earned by Plaintiff.

21. As a result of Defendant's breach of the ROYAL REEFER charter party, Plaintiff has incurred and will continue to incur damages, costs and expenses for which

12/4049                                                        4

Defendant is liable under the terms of the parties' agreement and at law.

22. Under the terms of the agreement, all claims, disputes and other matters arising out of or relating to the charter shall be settled by arbitration under English law.

23. Plaintiff has instructed its solicitors to commence arbitration in London, seeking to recover under the referenced claim.

24. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

25. As a result of Defendant's breach of the agreements, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal claim: | $90,781.25 |
| Attorneys' fees and costs | $25,000.00 |
| Interest compounded on principal yearly for 3 yrs at 6.0% | $17,340.67 |
| Total | $133,121.92 |

26. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

27. All conditions precedent required of Plaintiff in the aforesaid charter party have been performed.

AS AND FOR ALLEGATIONS IN SUPPORT OF PLAINTIFF'S APPLICATION
FOR RULE B RELIEF

28. Plaintiff repeats and reiterates each allegation contained in paragraphs "1" through "27" as if specifically set forth herein at length.

29. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse and/or UBS, which are believed to be due and owing to Plaintiff.

30. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain

Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank

12/4049

N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $287,798.07 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

  C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

  D. That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
   October 21, 2010

          Respectfully submitted,

          MAHONEY & KEANE, LLP
          Attorneys for Plaintiff

By: _____
   Edward A. Keane
   Garth S. Wolfson
   11 Hanover Square
   New York, New York 10005
   (212) 385-1422
   File No. 12/4049

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     :  SS.:
COUNTY OF NEW YORK   :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of the officers of which are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiffs and their counsel, all of which I believe to be true and accurate.

_____
Edward A. Keane

SWORN TO BEFORE ME ON THIS
21st DAY OF OCTOBER, 2009

_____
Notary Public GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5070945
Qualified in New York County
Term Expires 4/28/11

12/4049                                                9